**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52105-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MICHAEL FURMAN, | |
| Appellant. | |

WORSWICK, J. — Michael Furman appeals his sentence following a *Miller*-fix resentencing hearing. He argues that the sentencing court imposed an unconstitutional de facto life sentence. We agree, vacate his sentence, and remand for resentencing.

FACTS

Furman was convicted and sentenced to death for first degree murder with five aggravating factors committed when he was 17 years old. In 1993, the Supreme Court vacated his death sentence, holding that juvenile offenders cannot be subject to the death penalty. On resentencing, the superior court sentenced Furman to life in prison without the possibility of parole.

In 2012, in *Miller v. Alabama*, the United States Supreme Court declared that mandatory life sentences without parole for juveniles were unconstitutional under the Eighth Amendment. 567 U.S. 460, 479, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). In response, the Washington Legislature in June 2014 passed what is known as the *Miller*-fix statute, RCW 10.95.030. *State v. Bassett*, 192 Wn.2d 67, 74, 428 P.3d 343 (2018). RCW 10.95.035(1) required that juveniles

sentenced before *Miller* to life in prison without parole under the former mandatory scheme, like Furman, be resentenced. In addition, RCW 10.95.030(3)(b) required that resentencing courts "take into account mitigating factors that account for the diminished culpability of youth as provided in *Miller*."

The superior court conducted a *Miller*-fix hearing where Furman presented evidence of the developments in adolescent brain research and the differences between juveniles and adults. Furman also presented evidence that his psychological development was severely damaged from his early childhood by chronic instability, neglect, and abuse. Additionally, Furman presented substantial evidence of his rehabilitation while in prison.

Following the resentencing hearing, the superior court entered findings of fact and conclusions of law. The superior court concluded that Furman's age was of minimal weight, balancing the fact that Furman was two months shy of his 18th birthday but also acknowledging the juvenile brain research and case law. The superior court concluded that Furman's childhood and life experiences impacted his psychological development and considered it a mitigating factor in its sentence. The court also concluded that "the degree of responsibility [Furman] was capable of exercising in this instance was quite high, despite his general diminished capacity for self-control and judgment as a juvenile." Clerk's Papers at 221. The superior court acknowledged the evidence of Furman's rehabilitation in prison and that it may be relevant to the level of his culpability in light of the research on adolescent brain science.

No. 52105-9-II

The superior court ultimately sentenced Furman to 48 years in prison, making Furman first eligible for parole at age 65. Furman appeals his sentence.[1]

ANALYSIS

Furman raises several issues on appeal that are premised upon his assertion that the sentence imposed in this case was a de facto life sentence.[2] We address this argument first because it is dispositive.

Although a sentence of life without parole for juvenile offenders is not barred by the federal constitution,[3] our State Supreme Court has held that such a sentence is categorically prohibited under our state constitution. *State v. Bassett*, 192 Wn.2d 67, 91, 428 P.3d 343 (2018). Our Supreme Court has recently held that a 46-year minimum sentence amounts to an unconstitutional de facto life sentence. *State v. Haag*, 198 Wn.2d 309, 327, 495 P.3d 241 (2021). The court explained

> [A] juvenile sentenced to be released at the age of 63 has lost incalculably more than an adult in the same circumstances, the ability to work, to vote, or even to operate a motor vehicle . . . given the shortened life expectancy and compromised health associated with life in prison, releasing Haag from confinement at the age of 63 deprives him of a meaningful opportunity to return to society, depriving him of a meaningful life.

198 Wn.2d at 328-29.

---

[1] The State argues that Furman's appeal should be reviewed as a personal restraint petition. At the time of briefing, the State did not have the benefit of our Supreme Court's decision clarifying this issue in *State v. Delbosque*, 195 Wn.2d 106, 456 P.3d 806 (2020). There, the Court held that a *Miller* hearing results in a new, appealable sentence. *Delbosque*, 195 Wn.2d at 125.

[2] Furman also argues that the sentencing court misapplied the *Miller* factors and erroneously refused to consider Furman's rehabilitation during resentencing.

[3] *Jones v. Mississippi*, 593 U.S. ___, 141 S. Ct. 1307, 1311, 209 L. Ed. 2d 390 (2021) (imposing a sentence of life without parole on a juvenile defendant does not require a finding of incorrigibility).

No. 52105-9-II

Under *Haag*, Furman also received a de facto life sentence. Furman was resentenced to a 48-year minimum sentence with possible parole at the age of 65—a longer sentence and later age of parole than Haag. Under *Bassett*, life sentences for juvenile offenders are categorically prohibited. In light of *Haag*, we vacate Furman's sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, J.

Cruser, A.C.J.